Mary COX and Husband, James Cox, Appellants,

v.

Panpit KLUG, M.D., Appellee.

No. 07–93–0049–CV.

Court of Appeals of Texas, Amarillo.

June 10, 1993.

Rehearing Overruled July 6, 1993.

---

Kinkead Law Offices, Mark Taboada, Amarillo, for appellants.

Office of Gen. Counsel, Texas Tech University/Texas Tech University Health Sciences Center, Kevin Williams, Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and POFF, JJ.

REYNOLDS, Chief Justice.

With seven points of error, Mary Cox and husband, James Cox, challenge the take-nothing summary judgment rendered in their medical malpractice action against Panpit Klug, M.D. Because the Coxes' action against Dr. Klug is barred, we will overrule the points and affirm.

Naming Dr. Klug, Texas Tech Clinics a/k/a Texas Tech University Health Sciences Center (Texas Tech Center), which is a governmental unit, and The Don and Sybil Harrington Cancer Center, Inc. (Harrington Cancer Center), as defendants, the Coxes initiated the action underlying this appeal on 24 May 1990. They sought to recover monetary damages for the alleged misdiagnosis of Mary Cox's medical condition on the theory that Dr. Klug, an employee of Texas Tech Center in Amarillo, was negligent, and that her employer and the Harrington Cancer Center, at whose facilities the alleged misdiagnosis was

made, were vicariously liable for her negligence.

Pointing out that the Coxes' allegations of its improper diagnosis and misrepresentation of Mary Cox's medical condition constitute the practice of medicine, which it is precluded by law from doing, the Harrington Cancer Center moved for, and was granted, summary judgment on the ground that it had no duty to do the things the Coxes alleged it negligently failed to do. The trial court severed the Coxes' action against the Harrington Cancer Center, and decreed the summary judgment rendered to be a final judgment. The Coxes did not appeal from the judgment, thereby permitting it to become final in the trial court. *Shell Petroleum Corp. v. Royal Petroleum Corp.*, 135 Tex. 12, 137 S.W.2d 753, 759 (1940).

■ Following the filing of the motion for summary judgment by the Harrington Cancer Center, Texas Tech Center moved for summary judgment on the ground that the Coxes failed to give it notice of their claim as required by statute, and that it had no actual notice of the claim. In this connection, it is observed that sovereign immunity to suit against a governmental unit has been waived in limited circumstances by the Texas Tort Claims Act. Tex.Civ.Prac. & Rem.Code Ann. § 101.025 (Vernon 1986). One of the limitations is that the governmental unit is entitled to receive notice of the claim against it not later than six months after the day that the incident giving rise to the claim occurred. Tex.Civ.Prac. & Rem.Code Ann. § 101.-101(a) (Vernon 1986). The failure of the claimant to give the notice required, absent actual notice by the governmental unit, perpetually bars the claimant's action. *Reese v. Dept. of Hwys. & Public Transp.*, 831 S.W.2d 529, 531 (Tex.App.—Tyler 1992, writ denied).

The court granted Texas Tech Center's motion for summary judgment, decreed that the Coxes take nothing by their action against Texas Tech Center, severed this part of the action, and ordered the summary judgment rendered to be a final judgment. The Coxes did not appeal from the judgment, also permitting it to become a final judgment in the trial court. *Shell Petroleum Corp. v. Royal Petroleum Corp.*, 137 S.W.2d at 759.

After the take-nothing summary judgment rendered in the Coxes' action against Texas Tech Center became final, Dr. Klug moved for summary judgment, supported by her affidavit and a request for the court to take judicial notice of the documents filed in the cause. In her affidavit, Dr. Klug avowed that since 1985 and at all times material, including 24 November 1987 when she last saw Mary Cox, she has been employed by Texas Tech Center in Amarillo. As the ground for summary judgment, she invoked the statutory provision of the Texas Tort Claims Act, which reads:

> A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim.

Tex.Civ.Prac. & Rem.Code Ann. § 101.106 (Vernon 1986).

The Coxes responded to the motion by representing that the bar provided by section 101.106 operates only when the prior judgment was rendered on the merits of the same subject matter. Since the prior judgment in favor of Texas Tech Center was rendered on their failure to comply with the notice requirement, they argue that the judgment was not rendered on the merits and, therefore, it cannot serve to bar their action against Dr. Klug.

Following a hearing, the trial court granted Dr. Klug's motion for summary judgment and rendered a take-nothing judgment in the Coxes' action against the doctor. The Coxes perfected their appeal from this judgment, presenting seven points of error.

With their first three points, the Coxes charge the trial court with error in granting the summary judgment, because there was a genuine issue as to (1) the negligence of Dr. Klug, (2) the damages caused by her negligence, and (3) the causal link between Dr. Klug's negligence and their damages,

and none of the issues was addressed by Dr. Klug in her motion for summary judgment. Using their fourth point, the Coxes fault the court for granting the summary judgment, because Dr. Klug did not present any evidence to show she was an employee entitled to governmental immunity. And by their seventh point, the Coxes contend the court erred in granting summary judgment, because to hold that Dr. Klug was entitled to summary judgment for the reason that they failed to give timely notice pursuant to section 101.101(a) would abolish the two-year statute of limitations established by the Medical Liability and Insurance Improvement Act, Texas Revised Civil Statutes Annotated art. 4590i, § 10.01 (Vernon Supp.Pamp. 1992–1993), for filing health care liability claims.

■ However, we may not consider these points as grounds for reversal of the summary judgment, because the Coxes did not expressly present them to the trial court as reasons to avoid Dr. Klug's entitlement to judgment. Consequently, they may not urge them for the first time on appeal as reasons for reversal of the summary judgment. *State Bd. of Ins. v. Westland Film Indust.,* 705 S.W.2d 695, 696 (Tex.1986); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678–79 (Tex.1979). As a result, points of error one, two, three, four, and seven are overruled.

The Coxes' fifth-point contention is that the court erred in granting the summary judgment, because the court improperly considered an unpublished opinion, which could not be cited as authority. To the contrary, the opinion to which the Coxes refer was published as *Davis v. Mathis,* 846 S.W.2d 84 (Tex.App.—Dallas 1992, no writ). Point of error five is overruled.

As their sixth point, the Coxes offer the reason they expressly presented to the trial court to avoid Dr. Klug's entitlement to summary judgment. They contend that in order for Dr. Klug to merit summary judgment as a result of the prior judgment for Texas Tech Center, the prior judgment had to be on the merits, and because the judgment was rendered on the failure to give

the required notice, it was not a judgment on the merits. In support of their contention, they rely primarily on *Brown v. Prairie View A & M University,* 630 S.W.2d 405 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.), and cases addressing the doctrines of res judicata, collateral estoppel, and estoppel by judgment.

In the *Brown* medical malpractice action, Prairie View A & M University was dismissed as a defendant for want of jurisdiction, and on appeal, Dr. Owens, its medical director, relied on the statute now designated as section 101.101(a) to sustain the summary judgment he secured in the trial court. The appellate court, noting that a judgment dismissing a suit for lack of jurisdiction is not res judicata as to the merits and does not bar a plaintiff from suing on the same cause in a court having jurisdiction, held that the judgment dismissing the university is not a judgment which would bar action on the claim within the meaning of the present section 101.101(a). *Id.* at 408. Accepting the holding, we do not view it as validating the sixth point of error.

■ A plea to the jurisdiction, like the one in *Brown,* is a dilatory plea, *Southwestern Apparel, Inc. v. Bullock,* 598 S.W.2d 702, 704 (Tex.Civ.App.—Austin 1980, no writ), the purpose of which is to defeat the cause of action pleaded without impinging its merits. If the plea is sustained, a dismissal of the cause is required, *Texas Highway Department v. Jarrell,* 418 S.W.2d 486, 488 (Tex.1967), but the dismissal does not bar the plaintiff from filing the same cause of action in a court having jurisdiction. *Brown v. Prairie View A & M University,* 630 S.W.2d at 408.

■ Conversely, an interposition of the limitation on the waiver of governmental immunity granted by the Tort Claims Act, as was interposed by Texas Tech Center, is a plea in bar, the purpose of which is to forever preclude the cause of action pleaded, 2 Roy W. McDonald, Texas Civil Practice § 9:7 (1992 ed.), even if all of plaintiff's pleaded allegations are established. *Highway Contractors, Inc. v. West Tex. Equipment,* 617 S.W.2d 791, 794 (Tex.

Civ.App.—Amarillo 1981, no writ). If the plea is sustained, a take-nothing judgment is required, *Texas Highway Department v. Jarrell*, 418 S.W.2d at 488, and the judgment, though not rendered upon the merits of the pleaded action, may be relied upon, under res judicata, as an impediment to further assertion by the plaintiff of the same claim. 2 Roy W. McDonald, Texas Civil Practice § 9:7 (1992 ed.).

■ Then, when Texas Tech Center interposed the Coxes' failure to give it the required statutory notice of their claim, the interposition was a plea in bar which, rather than rebutting the factual allegations in the Coxes' live trial pleadings, was an independent reason why they should not recover. 2 Roy W. McDonald, Texas Civil Practice § 9:44 (1992 ed.). Thus, when Texas Tech Center secured a final summary judgment on the ground that the Coxes failed to comply with the notice statute, the judgment not only barred the Coxes' pleaded action against Texas Tech Center, but, by operation of the statute, also barred their action involving the same subject matter against Dr. Klug. Tex.Civ.Prac. & Rem. Code Ann. § 101.106 (Vernon 1986). The Coxes' sixth point of error is overruled.

The judgment is affirmed.