Ocie WHITE, Appellant,

v.

Charles ANNIS, Individually and as Next Friend for Jason Annis, Appellee.

No. 05–91–02112–CV.

Court of Appeals of Texas, Dallas.

Sept. 24, 1993.

Rehearing Denied Nov. 5, 1993.

Ronald H. Clark, Dallas, for appellant.

Raymond J. Elliott and John C. Wren, Dallas, for appellee.

Before LAGARDE, BURNETT and WHITTINGTON, JJ.

## OPINION

LAGARDE, Justice.

Ocie White appeals the judgment of the trial court rendering him individually liable to Charles Annis. White brings four points of error generally contending that (a) Annis's action against him was barred or mooted under section 101.106 of the Texas Civil Practice and Remedies Code by Annis's obtaining a judgment against the City of Mesquite on the same facts;[1] and (b) the evidence and the pleadings do not support a judgment against White individually. We sustain the second point of error, do not

---

1. After appeal was perfected, the City settled for   the full amount of its joint and several liability.

reach the other points of error, reverse the trial court's judgment, and render judgment that Annis take nothing against White individually.

## FACTUAL BACKGROUND

Jason Annis went outside his house to ride his bicycle. As he bent down to pick up his bicycle, he was struck in the leg by a locking ring that had separated explosively from a multi-piece tire mounted on a garbage truck owned by the City of Mesquite. Jason suffered a broken leg. Charles Annis, Jason's father, brought suit against the City of Mesquite and White, the City's garage supervisor.[2] Annis alleged that White was negligent in failing to adequately direct, train, and supervise the City's garage workers in assembling, mounting, and maintaining multi-piece wheels. Annis further alleged that at all times relevant to this action, White was the agent, servant, and employee of the defendant City and was acting within the course and scope of his authority as an agent, servant, and employee, thereby rendering the City liable under the doctrine of respondeat superior. There is no allegation of any negligent act or omission by White outside the course and scope of his authority as an agent, servant, and employee of the City.[3] The jury found in favor of Annis. Based on the jury's verdict, the trial court rendered judgment for Jason for $338,000, of which White and the City were jointly and severally liable for $245,970.35 and White was individually liable for $92,029.65. The trial court rendered judgment for Charles for $48,633.14, of which White and the City were jointly and severally liable for $16,026.65 and White was individually liable for $32,606.49 less a $30,000 credit from a settlement with another defendant. The City and White filed a motion for new trial and to abate the judgment, asserting that section 101.106 of the Texas Civil Practice and Remedies Code

barred any action against White. The trial court overruled the motion.

After the City and White perfected appeals, the City settled with the Annises for the full amount of its joint and several liability. When this Court learned that the judgment against the City had been fully satisfied, we asked the parties to brief the issue of whether the City's satisfaction of the judgment rendered this appeal moot and this cause subject to dismissal. After reviewing the briefs, this Court concluded that the City's payment of the judgment rendered its appeal moot. We dismissed the cause with respect to the City but reserved ruling on whether the judgment against the City precluded judgment against White.

## SOVEREIGN IMMUNITY AND SECTION 101.106

In the first two points of error, White contends that the trial court erred in failing to grant his motion to abate or bar the judgment against him because under section 101.106 of the Texas Civil Practice & Remedies Code, the judgment against the City barred any further action against him. Section 101.106 states, "A judgment in an action or a settlement of a claim under this chapter [101] bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim." TEX.CIV. PRAC. & REM.CODE ANN. § 101.106 (Vernon 1986). Annis maintains that the statute does not prevent a plaintiff from recovering on a judgment against a government employee which was rendered *simultaneously* with the judgment against the governmental unit.

### Texas Case Law

Annis argues that Texas case law supports his interpretation of the statute. Annis cites three cases that he maintains hold that the

---

2. Annis also sued Bridgestone/Firestone Tire Company, the manufacturer of the tire, and several other employees of the City of Mesquite. These defendants either settled with Annis before trial or obtained an instructed verdict during the trial.

3. Accordingly, the term "individually" as used in this opinion refers to White's actions and liability

only as a City employee. This appeal presents no issues concerning White's actions or liability apart from those attributable to him as a City employee. Our use of the term "individually" should not be construed as referring to White's actions or liability other than in his capacity as a City employee.

plaintiff can recover against both a governmental unit and the employee whose act or omission gave rise to the claim. In *County of Brazoria v. Radtke*, 566 S.W.2d 326 (Tex. Civ.App.—Beaumont 1978, writ ref'd n.r.e.), the court stated, "the trial court properly entered judgment against the County and [its employee] Adkisson, jointly and severally, for the entire amount of damages awarded by the jury." *Id.* at 330. The issue of the individual liability of the government employee was apparently not before the court because Adkisson was not a party to the appeal. Thus, *Radtke* is not applicable.

In *Madisonville Independent School District v. Kyle*, 658 S.W.2d 149 (Tex.1983) (per curiam), after limiting the plaintiffs' recovery against the school district to the statutory limit of $100,000, the court stated, "All other defendants remain jointly and severally liable for the entire amount of the judgment." *Id.* at 150. The opinion, however, does not discuss the effect, if any, of the predecessor of section 101.106 on the individual liability of the government employee. *See id.; see also* TEX.REV.CIV.STAT.ANN. art. 6252–19, § 12(a) ("The judgment or settlement in an action or claim under this Act shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of a unit of government whose act or omission gave rise to the claim.") (Texas Tort Claims Act, 61st Leg., R.S., ch. 292, § 12(a), 1969 Tex.Gen.Laws 874, 877, *repealed by* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 9(1), 1985 Tex.Gen.Laws 3242, 3322 (act adopting Texas Civil Practice & Remedies Code)). Because the court did not consider the effect of the statute, the case is not applicable.

Annis also relies on *City of Bedford v. Schattman*, 776 S.W.2d 812 (Tex.App.—Fort Worth 1989, no writ). In that case, the court held that a negligence suit against a government employee in the course and scope of his duty was not a claim under the Tort Claims Act. *Schattman* also makes no reference to section 101.106; thus, it is not applicable to the issue before us. Whether the plaintiff's claim against the governmental unit falls under the Tort Claims Act is relevant; whether the plaintiff's claim against the employee

falls under the Tort Claims Act is not. Section 101.106 bars *any* action against the government employee *if the plaintiff obtained a judgment against or settled with the governmental unit in a claim brought under the Tort Claims Act.* The statute does not require that the suit against the employee be brought under the Tort Claims Act for actions against the employee to be barred. The statute requires only that the employee's act give rise to the claim against the governmental unit under the Tort Claims Act. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.106 (Vernon 1986). Thus, *Schattman*'s discussion of whether a claim against the employee falls under the Tort Claims Act is irrelevant to our issue.

In *LeLeaux v. Hamshire–Fannett School District*, 798 S.W.2d 20, 23 (Tex.App.—Beaumont 1990), *aff'd*, 835 S.W.2d 49 (Tex.1992), the court of appeals applied section 101.106 under the reverse fact situation. In *LeLeaux*, the plaintiff sued the school district and its employee bus driver. The trial court granted summary judgment for the school district on the basis of sovereign immunity and for the employee bus driver on the basis that, having rendered judgment on the plaintiff's claim against the school district, the action against the employee was barred by section 101.106. The supreme court affirmed the court of appeals, but for different reasons. Instead of applying section 101.106, the supreme court held that the employee was immune from personal liability under the Education Code. *LeLeaux*, 835 S.W.2d at 52–53. The persuasive value of this opinion is, therefore, limited.

In *Steele v. Barbian*, 620 S.W.2d 875 (Tex. Civ.App.—Amarillo 1981, no writ), the plaintiff's house burned down because the water supply to the fire hydrant nearest the plaintiff's home had been shut off. The plaintiff sued the City of Amarillo, the road contractor, and the State Department of Highways and Public Transportation. A take-nothing judgment was rendered in favor of the governmental units under the Tort Claims Act because the Act did not waive sovereign immunity for claims based solely on the negligence of government employees in the performance of a governmental function. *Steele*,

620 S.W.2d at 876. After that judgment became final, the plaintiff sued Barbian, an employee of the City of Amarillo, for negligence in not providing water for the hydrant or informing the fire department that the hydrant was dry. The court held that the plaintiff's action against Barbian was barred by the predecessor of section 101.106. *Steele*, 620 S.W.2d at 877. Even though *Steele* holds that a judgment against a governmental unit bars actions against government employees brought after the judgment on the claims against the government is rendered, it does not address the issue before us of whether a judgment on a claim against a governmental unit bars an action against a government employee rendered simultaneously with the judgment on the claim against the governmental unit.

In *Cox v. Klug*, 855 S.W.2d 276 (Tex. App.—Amarillo 1993, no writ), the plaintiff sued his doctor for medical malpractice and the doctor's employer, Texas Tech Center, which was a governmental unit, under the Tort Claims Act. The trial court rendered summary judgment against the plaintiff in favor of Texas Tech Center because the plaintiff did not give the Center the requisite statutory notice. After that judgment became final, the doctor successfully moved for summary judgment on the grounds that the plaintiff's action against her was barred by section 101.106. The court of appeals affirmed, holding that the judgment on the claim against the Center, even though not decided on the merits, barred the action against the doctor. *Cox*, 855 S.W.2d at 279. Although *Cox* holds that a final judgment on the claim against the governmental unit bars pending actions against government employees, it does not address the situation of judgments rendered simultaneously against the governmental unit and the employee, the case before us.

Annis presents three arguments of why section 101.106 is inapplicable to this case.

### Different Causes of Action

■ In the first of these arguments, Annis argues that section 101.106 is not applicable because the City was held liable for the negligence of the truck driver and the wheel assembler, while White was held liable for negligently failing to properly train, direct, or supervise those City employees.

No Texas court has defined "involving the same subject matter" in the context of section 101.106. The Federal Tort Claims Act, however, contains a provision similar to section 101.106. *See* 28 U.S.C.A. § 2672 (West 1965) ("The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim."). The federal courts define "by reason of the same subject matter" as meaning "arising out of the same actions, transactions, or *occurrences.*" *Serra v. Pichardo*, 786 F.2d 237, 239 (6th Cir.) (emphasis added), *cert. denied*, 479 U.S. 826, 107 S.Ct. 103, 93 L.Ed.2d 53 (1986). That definition appears equally applicable to the Texas statute. If the legislature had intended for a judgment in a Tort Claims Act case to bar only actions against the employee based on the same cause of action, it would have written the statute to so provide. Instead, the legislature used a broad term, "subject matter." Applying the federal definition of "involving the same subject matter" to the facts of this case, we conclude that the same occurrence, the breaking of Jason Annis's leg by the exploding truck tire owned by the City, gave rise to both the statutory action against the City and the common-law negligence action against White. Thus, both actions involved the same subject matter. Annis's argument does not preclude application of section 101.-106.

### Lack of Full Satisfaction of the Judgment

■ Annis also asserts that section 101.-106 does not apply because the judgment has not been fully satisfied. The statute, however, does not require *satisfaction* of the judgment. Under the statute, actions against the government employee whose acts gave rise to the claim are barred as soon as the plaintiff settles with *or* obtains a judgment against the governmental unit. *See* Tex.Civ.Prac. & Rem.Code Ann. § 101.106 (Vernon 1986).

Here, the event that precluded any action against White was the rendition of the judgment against the City. The statute contains no exception for instances when the judgment against the governmental unit does not satisfy the entire judgment. In *Steele* and *Cox*, the plaintiffs recovered nothing against the governmental unit, but the Amarillo Court of Appeals held that section 101.106 and its predecessor barred the action against the government employee. *See Cox,* 855 S.W.2d at 278–80; *Steele,* 620 S.W.2d at 876–77. Thus, the fact that the judgment was not fully satisfied is of no consequence under the statute. This argument does not preclude application of section 101.106.

### White's Motion to Bar

■ In the motion to disregard jury findings, motion for new trial, and motion to abate or bar the judgment, White pleaded that section 101.106 barred a recovery against him individually because Annis obtained a judgment against the City. Annis argues that the statute bars only actions brought *after* the rendition of the judgment against the governmental unit. *See Steele,* 620 S.W.2d at 877 (plaintiff's suit brought against city employee after plaintiff had received take-nothing judgment against city was barred by predecessor of section 101.-106). Because the judgment against White was rendered *simultaneously* with the judgment against the City, not *after* the judgment against the City, Annis asserts that the statute does not bar recovery against White.

■ We disagree with Annis's interpretation. A judgment against the governmental unit bars "any action" against the employee. It does not purport to bar only subsequently filed causes of action as Annis would have us hold. *Cf. Cox,* 855 S.W.2d at 278 (judgment on claim against governmental unit barred pending action against government employee). The purpose of the statute is clear—to protect a government employee from individual liability for acts or omissions done in the

course and scope of his employment when the plaintiff obtains a judgment or settlement on the claim against the governmental employer for a claim under the Tort Claims Act based on the same subject matter. Annis notes that the practical effect of the statute will be to preclude recovery beyond the $250,000 limit of governmental liability unless the plaintiff can obtain a recovery against a nongovernmental defendant.[4] *See* TEX.CIV. PRAC. & REM.CODE ANN. § 101.023(c) (Vernon Supp.1993); *cf. Cox,* 855 S.W.2d at 278 (plaintiff took nothing on claim against governmental entity); *Steele,* 620 S.W.2d at 876 (same). Nonetheless, the statute contains no exceptions for instances when the plaintiff will be denied a full recovery.

When the trial court entered judgment on Annis's action under the Tort Claims Act against the City, judgment on the action against White individually was barred even though the two actions were brought and tried together in the same lawsuit. We sustain appellant's second point of error. We hold that the trial court erred in not granting White's motion to bar the judgment.[5] Accordingly, we reverse the trial court's judgment and render judgment that Annis take nothing from White individually. *See Cox,* 855 S.W.2d at 280.

---

4. Annis obtained a $30,000 settlement recovery against Bridgestone/Firestone Tire Company.

5. Our holding should not be read to mean that section 101.106 bars recovery against employees

acting outside of the course and scope of their employment with the governmental unit. That fact situation is not before us in this case, and we express no opinion on such a case.