**Beverly BRAND, Appellant,**

**v.**

**Tom SAVAGE, City of El Lago and Taylor Lake Village, Appellees.**

**No. 01–95–00023–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 17, 1995.

Stephen J. Schechter, Houston, for appellant.

William S. Helfand, Charles T. Jeremiah, Houston, for appellees.

Before HUTSON–DUNN and HEDGES, JJ.

**OPINION**

MIRABAL, Justice.

Appellant Beverly Brand brought suit against appellees, Tom Savage, the City of El Lago and Taylor Lake Village, alleging malicious prosecution, false imprisonment, conversion, assault and battery, and negligence. The trial court granted summary judgment in favor of appellees based on provisions of

the Texas Tort Claims Act, and this appeal followed.

The summary judgment evidence reflects that this dispute began when Lakeview[1] police officer Tom Savage stopped to investigate a dog in appellant's yard that appeared to be in distress. According to Savage's affidavit, he noticed the shaking dog fall and, after struggling unsuccessfully to get up, begin to howl. He stated that the dog was wet and was missing patches of hair on its rear flank and hip area.

As Savage approached the dog, appellant came out of her house carrying a towel. She explained to Savage that the dog was hers and that it was not sick or hurt, but was merely showing its age of 16 years. She indicated that she had just bathed the dog and had come out to carry it back into the garage. When she attempted to move the dog, Savage told her that he had summoned an animal control officer to examine the dog and ordered her to leave it where it was.

According to both Savage's affidavit and appellant's deposition testimony, she refused to comply with his order and moved the dog into the garage. When Savage attempted to block her path, an altercation occurred between the two. The incident culminated in Savage arresting appellant and placing her in handcuffs. She was ultimately charged with simple assault and with the offense of allowing a dog to be at large and unattended.

In points of error one and two, appellant asserts the trial court erred in granting summary judgment in favor of appellees.

■ To be entitled to summary judgment under Tex.R.Civ.P. 166a(c), the movant must establish there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); *Enchanted Estates Community Ass'n, Inc. v. Timberlake Improvement Dist.*, 832 S.W.2d 800, 801 (Tex.App.—Houston [1st Dist.] 1992, no writ). Ordinarily, a defendant moving for summary judgment bears the burden of showing that no fact issue exists with regard to at least one element of the plaintiff's cause of action. *Enchanted Estates*, 832 S.W.2d at 801.

■ Here, the City of El Lago and Taylor Lake Village rely on the affirmative defense of governmental immunity. It is undisputed that the municipalities are governmental entities to which the doctrine of governmental immunity would be applicable. When an affirmative defense like immunity is established, the burden of raising a disputed fact issue shifts to the non-movant. *Armendarez v. Tarrant County Hosp. Dist.*, 781 S.W.2d 301, 303 (Tex.App.—Fort Worth 1989, writ denied). This Court must therefore examine the summary judgment evidence to determine whether a fact issue exists regarding the application of immunity.

*The City of El Lago and Taylor Lake Village*

Appellant's petition specifically states that her lawsuit "is brought pursuant to the Texas Tort Claims Act." Under the Texas Tort Claims Act, a governmental unit is shielded from liability with only a few statutorily defined exceptions:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex.Civ.Prac. & Rem.Code Ann. § 101.021 (Vernon 1986). In addition, the Act specifi-

---

1. The Lakeview Police Department is a law enforcement agency serving the City of El Lago and Taylor Lake Village.

cally exempts intentional torts from the waiver of immunity. Tex.Civ.Prac. & Rem.Code Ann. § 101.057(2) (Vernon 1986).

Here, appellant did not allege that her injuries resulted from operation of a motor vehicle, nor did she allege that they were caused by the condition or use of tangible personal or real property. Indeed, her deposition testimony established that the incident did *not* involve such property. Moreover, aside from the negligence claim, the remainder of her claims arise from intentional torts allegedly committed by Savage. Because appellant did not allege in her petition, nor raise in her response to motion for summary judgment, any facts which would place her claim within the statutory exceptions to governmental immunity, the trial court properly granted summary judgment in favor of the City of El Lago and Taylor Lake Village.

We overrule point of error one.

*Tom Savage*

In point of error two, appellant asserts the trial court erred in granting summary judgment in favor of Savage individually.

The municipalities and Savage initially brought a joint motion for summary judgment asserting the defenses of governmental and qualified immunity. The trial court granted summary judgment in favor of the municipalities on May 23, 1994, but denied the motion as to Savage. Savage filed a second motion for summary judgment August 15, 1994, which the trial court granted.

In his second motion, Savage relied upon the portion of the Texas Tort Claims Act, Tex.Civ.Prac. & Rem.Code Ann. § 101.106 (Vernon 1986), which provides that "[a] judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim." Interpreting this section, the Texas Supreme Court has recognized that a prior judgment in an action against the governmental employer bars continuation of an action against the employee that has not yet proceeded to judgment. *Gibson v. Spinks,* 895 S.W.2d 352, 355 (Tex.1995). Although appellant argues this section applies only

when the judgment is *against* the employer, our sister courts of appeals have found that section 101.106 bars an action against the employee whether the judgment was in favor of or against the employer and even when the judgment was not rendered on the merits. *See Cox v. Klug,* 855 S.W.2d 276, 280 (Tex.App.—Amarillo 1993, no writ) (holding final summary judgment in favor of government hospital based on plaintiff's failure to comply with notice requirement also barred action against individual doctor); *Davis v. Mathis,* 846 S.W.2d 84, 88–89 (Tex.App.—Dallas 1992, no writ) ("Section 101.106 provides automatic derivative immunity for a governmental employee."). Citing *Cox* and *Davis* with approval, the *Gibson* court held that "the bar of section 101.106 applies if the settlement or judgment *in the action against the governmental unit* occurs at any time before or during the pendency of the 'action' against the employee." *Gibson,* 895 S.W.2d at 355 (emphasis added).

However, appellant maintains that section 101.106 does not apply because the Tort Claims Act "does not protect an individual employee from liability from his/her own negligence." She further contends that because her claims against Savage arise out of intentional torts—acts excluded by the Tort Claims Act—he must be held liable individually.

A similar argument was rejected in *White v. Annis,* 864 S.W.2d 127, 130–31 (Tex.App.—Dallas 1993, writ denied). There, the court noted that "[w]hether the plaintiff's claim against the governmental unit falls under the Tort Claims Act is relevant; whether the plaintiff's claim against the employee falls under the Tort Claims Act is not." *Id.* at 130. The court explained that the statute does not require that suit against the employee be brought under the Tort Claims Act for actions against the employee to be barred. Rather, the statute requires only that the employee's act give rise to the claim against the governmental unit under the Tort Claims Act. *Id.* Focusing on statutory language "involving the same subject matter," the court reasoned that if the legislature had intended for a judgment in a Tort Claims Act case to bar only actions against the employee based on the same cause of action, it would

not have chosen such a broad term. *Id.* at 131. The court concluded that the statute applied to bar an action against an employee that arose out of the "same actions, transactions, or occurrences." *Id.*

We recognize the effect of this statute seems harsh; however, as the court noted in *Gibson*, "[a]lthough a plaintiff who pursues the statutory remedy against the government may lose his or her common law remedy against the employee, the plaintiff is not required to follow this course." *Gibson*, 895 S.W.2d at 357. The plaintiff "may still opt to pursue the full common law remedy against the responsible employee, foregoing or postponing any attempt to recover from the government." *Id.* Moreover, state and federal constitutional claims are not barred by immunity. For example, appellant could have circumvented the Tort Claims Act and its effects by bringing a claim for violation of her constitutionally protected rights under 42 U.S.C. § 1983. However, because she chose to bring her action pursuant to the Act, she is bound by its provisions and limitations, including section 101.106. *See State Dep't of Highways v. Dopyera*, 834 S.W.2d 50, 54 (Tex.1992) ("Once a plaintiff invokes the procedural devices of the Texas Tort Claims Act, to bring a cause of action against the State, then he is bound by the limitations and remedies provided in the statute.")

Here, all of appellant's claims against both Savage and the City arose from the same occurrences. Although she named Savage individually, she stated in her petition that she was bringing her claims pursuant to the Tort Claims Act. Consequently, the trial court did not err in concluding that continuation of appellant's action against Savage was barred by the summary judgment entered in her action against the City of El Lago and Taylor Lake Village pursuant to the Act.

We overrule point of error two.

Both parties agree that if points of error one and two are overruled, point of error three becomes moot. Accordingly, we do not reach the merits of point of error three.

We affirm the judgment.