Lisa BELL, et al., Appellants,

v.

Gail LOVE, et al., Appellees.

No. 14–95–00319–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 23, 1996.

Gene S. Hagood, Alvin, for appellants.

Michele B. Chimene, Galveston, David P. Salyer, Galveston, Douglas Poole, Galveston, Kenneth J. Bower, Galveston, for appellees.

Before YATES, FOWLER and O'NEILL, JJ.

## OPINION

O'NEILL, Justice.

Four students and their parents, appellants, appeal from the trial court's dismissal of their claims against appellees, six individual employees of La Marque Independent School District (the "school district"). Appellees were dismissed pursuant to section 101.106 of the Texas Tort Claims Act, which bars any action against a governmental employee when a judgment has been taken as to the governmental entity in an action brought under the Act involving the same subject matter.[1] Appellants bring two points of error alleging the trial court erred in dismissing their claims against the individual employees. We affirm.

## Background

Appellants filed four separate lawsuits against the school district and the appellees, four teachers and two principals, alleging that appellees used excessive force in disciplining students. Patrice Newsome allegedly incurred injury to her hand and wrist as she tried to deflect a swat. Renee Mull was allegedly held down and threatened with severe bodily injury while she received a paddling. A teacher allegedly grabbed Cipriano Diaz, Jr. by the throat and scratched him while attempting to discipline him. Finally, Shawn Corpus alleged that he was physically disciplined in disregard of written instructions to the school from his parents stating that Shawn was not to be spanked.

All parties agreed to consolidate the cases because they involved similar issues of fact and law. After the cases were consolidated, the trial court granted summary judgment in favor of the school district. The remaining

individual employees specially excepted to appellants' claims, contending they were barred by the judgment for the school district pursuant to § 101.106 of the Texas Tort Claims Act. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.106 (Vernon 1986). The trial court granted the special exceptions, and ordered appellants to replead. Although appellants replead, the trial court concluded they had failed to plead any claims that were not barred by § 101.106. Accordingly, the trial court dismissed appellants' claims and rendered a final take nothing judgment.

## Point of Error No. 1

■ In their first point of error, appellants contend the trial court erred in dismissing their claims. Appellants argue that § 101.106 only bars claims brought under the Texas Tort Claims Act, and does not apply to their claims brought under TEX.CIV.PRAC. & REM.CODE· ANN. § 102.002 (Vernon 1986) and TEX.EDUC.CODE ANN. § 21.912. *See* TEX. EDUC.CODE ANN. § 21.912, *repealed by* Acts 1995, 74th Leg., ch. 260, § 58(a)(1), 1995 (current version at TEX.EDUC.CODE ANN. § 22.051 (Vernon Supp.1996)). In support of their argument, appellants rely upon the language of the statute itself, which provides as follows:

> A judgment in an action or a settlement of a claim *under this chapter* bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.106 (emphasis by appellants). Appellants argue that their claims against the school district were not brought "under this chapter [the Tort Claims Act]" and therefore § 101.106 cannot act as a bar to their claims against the individual employees. Appellants conclude that "[f]or section 101.106 to be applicable ... appellees must show that the appellants' claims against [the school district] were brought under the [Tort Claims Act]." Appellants apparently concede that if their

---

1. *Prior to dismissing appellants' claims against the individual employees, the trial court granted summary judgment in favor of the school district.*

*Appellants do not appeal the trial court's ruling as to the school district.*

claims against the school district were brought under the Tort Claims Act, § 101.106 would bar any action against the individual employees. Thus, we must examine appellants' pleadings to determine whether their claims against the school district were brought under the Tort Claims Act.

■ Appellants argue that we should review their first amended petition to determine whether or not their claims against the school district were brought under the Tort Claims Act. We disagree. At the time summary judgment in favor of the school district was granted, the four original petitions were appellants' active pleadings.[2] Thus, the original petitions must form the basis of our inquiry.

The original petition of Renee Mull is representative of the petitions filed on behalf of the other plaintiffs. In paragraph VIII, Mull alleges as follows:

> The Defendants, and each of them, through their representatives or individually *were put on notice of this claim pursuant to the Texas Tort Claims Act.* A true and accurate copy of the notice is attached as Exhibit "A" consisting of a letter dated December 6, 1990, the "green cards" evidencing receipt of the certified letter and the affidavit referred to in the December 6, 1990 letter. This notice letter along with affidavit put the Defendants on notice of the claim and were timely filed pursuant to all rules, regulations, statutes, codes and the like controlling the notice provisions against each of the Defendants.
>
> *All conditions precedent to the filing of these claims and this lawsuit have been met.*

(Emphasis added). Significantly, the only statute referenced in the original petitions that requires notice as a condition precedent to suit is the Tort Claims Act. TEX.CIV.PRAC. & REM.CODE ANN. § 101.101. The notice letter attached to the petition is addressed to, among others, Mr. Paul Arnold, as superintendent of schools for LaMarque Independent School District. The letter states that "this notice is being provided to you pursuant to the Texas Tort Claims Act."

■ In Texas, pleadings are to be liberally construed. *Crockett v. Bell,* 909 S.W.2d 70, 72 (Tex.App.—Houston [14th Dist.] 1995, n.w.h.). "A petition is sufficient if a cause of action or defense may be reasonably inferred from what is specifically stated." *Id.* (citing *Boyles v. Kerr,* 855 S.W.2d 593, 601 (Tex. 1993)). We believe that the allegations in appellants' original petitions were sufficient to raise a claim against the school district under the Tort Claims Act. This conclusion is further supported by appellants' response to the school district's motion for summary judgment based on sovereign immunity. In their response, appellants do not contest that their claims are brought under the Tort Claims Act. Rather, appellants responded that the Tort Claims Act violates the open courts provision of the Texas Constitution and that the effect of § 101.106 is "unduly burdensome, in that Texas law provides no other avenue of recovery against [the school district] for their wrongful acts." Appellants did not rely on TEX.CIV.PRAC. & REM.CODE ANN. § 102.002 or TEX.EDUC.CODE ANN. § 21.912 to defeat the school district's motion for summary judgment, but chose to launch a frontal attack on the Tort Claims Act. Appellants' response to the school district's motion for summary judgment is contrary to their position that they did not bring suit under the Act.

■ In construing appellants' pleadings, we think it is significant to note that the Tort Claims Act afforded the *only* basis upon which appellants could have sought relief against the school district. In Texas, an independent school district is an agency of the state which, while exercising governmental functions, is not answerable for its negligence in a suit sounding in tort. *Barr v. Bernhard,* 562 S.W.2d 844, 846 (Tex.1978); *Braun v. Trustees of Victoria Independent School District,* 114 S.W.2d 947 (Tex.Civ. App.—San Antonio 1938, writ ref'd). The Texas Tort Claims Act provides for a waiver of governmental immunity for injuries aris-

---

**2.** The Order granting summary judgment in favor of the school district was signed by the court on October 18, 1994. Plaintiffs' First Amended Original Petition in the consolidated action was not filed until November 17, 1994.

ing out of the operation or use of motor vehicles, and injuries arising out of a condition or use of tangible property. TEX.CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986). With respect to a school district, however, the legislature provided that immunity is not waived except as to claims arising from the use of motor vehicles. TEX.CIV.PRAC. & REM.CODE ANN. § 101.051 (Vernon 1986). Absent a waiver of immunity *as expressed in the Tort Claims Act*, no cause of action against the school district could exist. *See, e.g., Barr*, 562 S.W.2d at 846. Therefore, our conclusion that appellants' petitions stated a claim against the school district under the Tort Claims Act is based upon common sense and comports with well-established law.

Appellants argue that the Texas Tort Claims Act does not afford the only avenue for suit against the school district, and cite TEX.CIV.PRAC. & REM.CODE § 102.002 as an independent basis for recovery. Section 102.002 provides, in pertinent part, as follows:

> (a) A local government may pay actual damages awarded against an employee of the local government if the damages:
> (1) result from an act or omission of the employee in the course and scope of his employment for the local government; and
> (2) arise from a cause of action for negligence.

Although we are aware of no applicable case law, for appellants' claim to have merit we would have to interpret § 102.002 as an independent waiver of immunity. This we decline to do. First, the statute itself expressly provides otherwise:

> This chapter does not affect:
> (1) Chapter 101 of this code [the Texas Tort Claims Act]; or
> (2) a defense, immunity, or jurisdictional bar available to a local government or an employee.

TEX.CIV.PRAC. & REM.CODE ANN. § 102.006. Second, § 102.002 merely creates a mechanism by which governmental entities may provide a degree of protection from damage liability to their employees. Thus, the effect is *no different* than if the school district had provided insurance for its employees. The Texas Supreme Court has held that the mere provision of liability insurance does not waive a school district's immunity from suit. *Barr v. Bernhard*, 562 S.W.2d at 848. We see no reason why § 102.002 should be construed differently. We conclude that the mere right of a local government to indemnify its employees for their negligent acts committed in the course and scope of their employment does not impose liability where none existed before. Therefore, § 102.002 does not constitute a waiver of governmental immunity and cannot provide an independent basis for appellants' claims against the school district.

■ Finally, even if § 102.002 did afford appellants an independent basis of recovery against the school district, it would not preclude the application of § 101.106 to bar suit against the individual employees. *White v. Annis*, 864 S.W.2d 127, 131 (Tex.App.—Dallas 1993, writ denied). "If the legislature had intended for a judgment in a Tort Claims Act case to bar only actions against the employee based on the same cause of action, it would have written the statute to so provide." *Id.* As stated by the Texas Supreme Court:

> The Tort Claims Act broadened, rather than restricted, an injured party's remedies. At common law, municipalities performing governmental functions were completely immune from liability. The Tort Claims Act created a limited waiver of that immunity. Although a plaintiff who pursues the statutory remedy against the government may lose his or her common law remedy against the employee, the plaintiff is not required to follow this course. He or she may still opt to pursue the full common law remedy against the responsible employee, foregoing or postponing any attempt to recover from the government.

*Thomas v. Oldham*, 895 S.W.2d 352, 357–58 (Tex.1995).

We find that the trial court properly dismissed appellants' claims against the individual employees of LaMarque Independent School District.

Appellants' first point of error is overruled.

### Point of Error No. 2

In their second point of error, appellants contend the trial court erred in dismissing their claims because the trial court failed to apply Rule 48 of the Texas Rules of Civil Procedure. TEX.R.CIV.P. 48. Specifically appellants argue, citing no authority, that because Rule 48 allows alternative pleading, § 101.106 cannot operate to bar their claims against the individual employees. We disagree. First, appellants' claims as set forth in their original petitions are not plead alternatively. The only pleading of alternative claims appears in the first amended original petition, which was filed after the school district was granted summary judgment. Even then, the claims were asserted alternatively only as between the individual school teachers and not as to causes of action against the school district.

Second, it is irrelevant for § 101.106 purposes that the claims against the employees may have been based upon a different, or an alternative, cause of action. The relevant inquiry for purposes of § 101.106 is whether or not both actions involve the same subject matter. *White v. Annis,* 864 S.W.2d at 131. An action arises out of the same subject matter if it arises out of the same actions, transactions, or occurrences. *Id.* (citing *Serra v. Pichardo,* 786 F.2d 237, 239 (6th Cir.), *cert. denied,* 479 U.S. 826, 107 S.Ct. 103, 93 L.Ed.2d 53 (1986)). It is undisputed that the claims against the individual employees involve the same subject matter as appellants' claims against the school district, which were disposed of by summary judgment. Therefore, the trial court properly applied § 101.106 in dismissing appellants' claims against the individual employees.

Appellants' second point of error is overruled.

The judgment of the trial court is affirmed.