William LOWRY and Evelyn
Thomas, Appellants,

v.

Joy PEARCE, Appellee.

No. 10–01–231–CV.

Court of Appeals of Texas,
Waco.

March 6, 2002.

Rehearing Overruled March 27, 2002.

Bridget Lynn McKinley, John Cornyn, Office of Atty. Gen., Austin, for appellants.

Ken W. Williford, Law Office of Ken W. Williford, Fort Worth, Michael B. Roberts, Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

TOM GRAY, Justice.

William Lowry and Evelyn Thomas appeal the partial denial of their motion for summary judgment in a wrongful death action brought by Joy Pearce. In one point of error, Lowry and Thomas contend that they are entitled to governmental employee immunity pursuant to the Texas Tort Claims Act and that the court erred when it did not grant their motion for summary judgment in its entirety. We will reverse the trial court's partial denial of summary judgment and grant Lowry and Thomas's motion for summary judgment on all claims brought by Pearce.

## BACKGROUND

Following the death of her son, Robert Paul Johnson, who had been a long-time resident of the Mexia State School, Pearce brought a wrongful death action against the school, its superintendent William Lowry, employee Evelyn Thomas, former employee Sheldon Harris and Texas Department of Mental Health and Mental Retardation, which operated the school. According to Pearce's petition, her son died from the ingestion of medication prescribed for Harris. Robert allegedly removed the medication from the pocket of Harris's coat after Harris left it on a hook on Robert's bedroom door. The petition claimed that Harris was negligent in leaving the pills where Robert had access to them and that Lowry and Thomas "negligently supervised the conduct of Harris in allowing him to have his prescription drugs around the patients, even after having previously warned Harris of such actions." The petition further asserted that the school and MHMR were liable for the conduct of Lowry and Thomas.

All of the defendants except Harris (who was no longer employed by the school) filed a plea to the jurisdiction and motion to dismiss. The school and MHMR premised their plea on sovereign immunity and immunity from suit and liability under the Texas Tort Claims Act. The plea of Lowry and Thomas asserted immunity pursuant to Section 101.106 of the Texas Tort Claims Act. After a hearing, the trial court denied the plea to the jurisdiction/motion to dismiss.

On March 29, 2000, this court found that Pearce's pleadings failed to affirmatively demonstrate a waiver of the governmental entities' immunity from suit under the Tort Claims Act. We reversed the trial court's order and rendered judgment granting the plea to the jurisdiction as to the school and MHMR. *Texas Dep't of Mental Health & Mental Retardation v. Pearce,* 16 S.W.3d 456 (Tex.App.-Waco 2000, pet. dism'd w.o.j.). Without addressing the merits of their Section 101.106 claims, we further concluded that Lowry and Thomas improperly raised their claims

of immunity by way of plea to the jurisdiction. For that reason, we affirmed the order denying the plea to the jurisdiction as to Lowry and Thomas. *Id.*

Approximately three months later, Pearce amended her petition to add violation of the Patient's Bill of Rights as a direct and proximate cause of Robert's death. Again, Pearce alleged that Lowry and Thomas "negligently supervised the conduct of Defendant Harris in allowing him to have his prescription drugs around the patients, even after having previously warned Harris of such actions." The petition also reiterated: "The occurrence described in this petition is a direct and proximate result of the negligence of the Texas Department of Mental Health and Mental Retardation and the Mexia State School . . ."

Lowry and Thomas subsequently filed their Motion for Summary Judgment, with evidence attached, based on governmental employee immunity provided by Section 101.106 of the Texas Tort Claims Act. The trial court considered the motion and evidence as well as Pearce's response, which included no evidence. The order entered by the court granted the motion for all claims brought pursuant to the Texas Tort Claims Act and denied the motion as it relates to the Patient's Bill of Rights.

### SUMMARY JUDGMENT

The standard of review for a summary judgment is well established: (i) the movant for summary judgment has the burden of showing there is no genuine issue of material fact and is entitled to summary judgment as a matter of law; (ii) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (iii) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Larsen v. Carlene Langford & Assocs.,* 41 S.W.3d 245, 248–49 (Tex.App.-Waco 2001, pet. denied). The function of summary judgment is not to deprive litigants of the right to trial by jury, but to eliminate patently unmeritorious claims and defenses. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 931 (Tex.1952).

For a defendant to prevail on summary judgment, it must show there is no genuine issue of material fact concerning one or more essential elements of the plaintiff's cause of action or establish each element of an affirmative defense as a matter of law. *Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 27 (Tex.1990); *Larsen,* 41 S.W.3d at 249. When necessary to establish a fact issue, the non-movant must present summary judgment evidence. *Westland Oil Dev. Corp. v. Gulf Oil Corp.,* 637 S.W.2d 903, 907 (Tex.1982); *Ethridge v. Hamilton County Elec. Coop. Ass'n,* 995 S.W.2d 292, 294 (Tex.App.-Waco 1999, no pet.).

### GOVERNMENTAL EMPLOYEE IMMUNITY

Lowry and Thomas moved for summary judgment under Section 101.106 of the Texas Tort Claims Act, which provides governmental employee immunity as follows:

> A judgment in an action or settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.106 (Vernon 1997).

The Texas Supreme Court has held that the immunity conveyed to a govern-

mental unit's employees by Section 101.106 is triggered by any judgment in a Texas Tort Claim suit against a governmental unit. *Newman v. Obersteller,* 960 S.W.2d 621, 622–23 (Tex.1997). The cause of action against the employee need not arise under the Tort Claims Act: "If the Legislature had intended for a judgment in a Tort Claims Act case to bar only actions against the employee based on the same cause of action, it would have written the statute to so provide." *White v. Annis,* 864 S.W.2d 127, 131 (Tex.App.-Houston [14th Dist.] 1996, no writ). "Same subject matter" in Section 101.106 means "arising out of the same actions, transactions, or occurrences." *Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 344 (Tex.1998). Thus, Section 101.106 unequivocally grants immunity for all employees whose acts or omissions gave rise to the claim against the governmental unit when the allegations against the employees are based on the same occurrence as addressed in the judgment for or against the governmental unit. *Id.* at 343–44; *Newman,* 960 S.W.2d at 622–23.

## APPLICATION

■ Lowry and Thomas contend that they established their entitlement to Section 101.106 immunity. We agree.

The record reveals that Lowry and Thomas presented the following summary judgment evidence to the trial court:

(1) There was a prior judgment rendered by this court involving Pearce's Texas Tort Claims Act allegations against the school and MHMR (the "governmental unit");

(2) Pearce's claims against Lowry and Thomas arose out of Robert's death and the surrounding events, as did

her allegations against the school and MHMR ("the same subject matter"); and

(3) Lowry and Thomas are the employees whose alleged acts or omissions gave rise to Pearce's claims that resulted in the judgment in favor of the school and MHMR.

We find that Lowry and Thomas established each element of their affirmative defense of immunity. Because the cause of action against Lowry and Thomas is not required to arise under the Tort Claims Act, the applicability or viability of Pearce's claims under the Patient's Bill of Rights is not relevant.[1] *Annis,* 864 S.W.2d at 131.

## CONCLUSION

We thus conclude that under Section 101.106, both Lowry and Thomas are immune from liability to Pearce. For this reason, we reverse the portion of the trial court's judgment denying the motion for summary judgment with respect to Pearce's claims under the Patient's Bill of Rights and render judgment in favor of Lowry and Thomas. We hold that Pearce takes nothing from Lowry and Thomas.

BILL VANCE, Justice, dissenting.

The majority decides this appeal from the denial of a summary judgment motion on grounds not presented to the trial court. *See McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 339–41 (Tex. 1993) (Grounds for a summary judgment must be set forth in the motion itself, as opposed to the brief or any other document.).

Pearce has not asserted a claim against the Mexia State School or the Texas Department of Mental Health and Mental

---

1. Thus, Pearce's amendment of her petition to include the Patient's Bill of Rights does not affect our jurisdiction to hear this case, as Pearce suggests in her brief.

Retardation based on the Patient's Bill of Rights adopted by the Department. Although they moved for summary judgment on the basis that the Tort Claims Act bars Pearce's claim under the Patient's Bill of Rights, Lowry and Thomas assert on appeal that the Health and Safety Code does not confer a cause of action on a claimant *against individual employees of the State.* TEX. HEALTH & SAFETY CODE ANN. §§ 321.001–.004 (Vernon 2001). If they are correct,[1] their attack on that claim in the trial court should have been by special exceptions rather than a motion for summary judgment. *Wyatt v. Longoria,* 33 S.W.3d 26, 30 (Tex.App.-El Paso 2000, no pet.) (citing *In the Interest of B.I.V.,* 870 S.W.2d 12, 13 (Tex.1994)) ("Special exceptions are the appropriate method for claiming that plaintiff has failed to state a cause of action, because plaintiffs must have an opportunity to cure a deficient petition by amendment before their lawsuit is dismissed for failing to state an actionable claim."). The majority effectively allows them to bootstrap a "no-cause-of-action" defense into an immunity defense.

The majority assumes that a claim against individual employees, if such a claim does exist under the Patient's Bill of Rights, will be barred by section 101.106 of the Tort Claims Act. It fails to consider whether such claims might not be barred when the State is not liable under the Tort Claims Act but liable for a violation of a Patient's Bill of Rights. The resolution of that conflict depends on the interaction between the Tort Claims Act and the Health and Safety Code's provisions requiring a Patient's Bill of Rights.

Because of the manner in which the majority disposes of the appeal, Pearce is effectively precluded from seeking a deci-sion from this court about the viability of her claims against the individual employees under the Patient's Bill of Rights. Were we to deny the summary judgment because the grounds were not presented to the trial court and require Lowry and Thomas to file special exceptions on the grounds that Pearce has no cause of action against them under the Patient's Bill of Rights, the party dissatisfied with that ruling could squarely present the issue to us for a decision.

Because the majority incorrectly decides the an issue on appeal not presented to the trial court, I dissent.

---

1. They assert the plain language of the statute leads to that result, but cite no case so hold-ing. TEX. HEALTH & SAFETY CODE ANN. § 321.003.