Aguilar v. Ramirez











 




NUMBER 13-03-00339-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

JORGE LUIS AGUILAR,                                                              Appellant,

v.

PRIMITIVO RAMIREZ, ET AL.,                                                    Appellees.
                                                                                                                       

On appeal from the 214th District Court of Nueces County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo
Memorandum Opinion by Justice Hinojosa

          This is an interlocutory appeal from the trial court’s order denying the second



motion for summary judgment


 of appellant, Jorge Luis Aguilar. Aguilar contends that as
a matter of law he is entitled to immunity under section 101.106 of the Texas Civil Practice
and Remedies Code because his governmental employer, the Texas Department of Public
Safety (“DPS”), received a favorable judgment in federal court on claims against it based
on Aguilar’s conduct.


 We reverse the trial court’s order and render judgment for Aguilar.
          The facts and procedural history of this case are summarized in our opinion
reviewing Aguilar’s first motion for summary judgment. See City of Robstown v. Ramirez,
17 S.W.3d 268, 270-71 (Tex. App.–Corpus Christi 2000, pet. dism’d w.o.j.). Therefore, in
this opinion we only include those facts necessary to advise the parties of our decision in
this case and the basic reasons for it. See Tex. R. App. P. 47.4.
          In his second issue, Aguilar contends that the trial court erred in denying his motion
for summary judgment. Specifically, Aguilar asserts that section 101.106 of the Texas Civil
Practice and Remedies Code bars all claims asserted against him by appellees because
the federal court dismissed all of appellees’ claims against his governmental employer, the
DPS.
          The standard we follow in reviewing a summary judgment is well established. The
movant for summary judgment has the burden of showing that no genuine issue of material
fact exists and that he is entitled to judgment as a matter of law. Nixon v. Mr. Prop. Mgmt.
Co., 690 S.W.2d 546, 548-49 (Tex. 1985); see Tex. R. Civ. P. 166a(c). In deciding whether
there is a disputed material fact issue precluding summary judgment, evidence favorable
to the nonmovant will be taken as true, and all reasonable inferences made and all doubts
resolved in the nonmovant’s favor. Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425
(Tex. 1997). When a defendant moves for summary judgment based on an affirmative
defense, such as section 101.106, it has the burden to conclusively establish each element
of the defense as a matter of law. Velsicol Chem. Corp. v. Winograd, 956 S.W.2d 529,
530 (Tex. 1997).
          Aguilar moved for summary judgment on the affirmative defense of immunity
provided by section 101.106 of the civil practice and remedies code. That section
provides:
A judgment in an action or a settlement of a claim under this chapter bars
any action involving the same subject matter by the claimant against the
employee of the governmental unit whose act or omission gave rise to the
claim.
 
Tex. Civ. Prac. & Rem. Code Ann. § 101.106.


 The immunity extended to a governmental
unit’s employees by section 101.106 is triggered by any judgment in a Texas Tort Claims
suit against a governmental unit, including a judgment in favor of the governmental unit. 
Dallas County Mental Health & Mental Retardation v. Bossley, 968 S.W.2d 339, 343 (Tex.
1998).
          Appellees, Primitivo Ramirez, Librada Ramirez, and Michelle Ramirez, originally filed
suit in the United States District Court for the Southern District of Texas for injuries
resulting from an alleged improper execution of a search warrant.


 In their second
amended complaint, appellees asserted that their claims against the State of Texas were
brought under the Texas Tort Claims Act. Appellees contended they had fully complied
with the notice requirements of the tort claims act.



          On December 17, 1993, United States District Judge Hayden W. Head dismissed
appellees’ claims against the DPS for assault, battery, false imprisonment, and intentional
infliction of emotional distress. The federal court concluded that the tort claims act
expressly preserves the State’s immunity against intentional torts.


 The federal court also
found that the State had not waived its immunity regarding appellees’ claims against the
DPS for libel and slander.


 After disposing of appellees’ federal claims, the federal court
declined to exercise its supplemental jurisdiction over appellees’ negligence claim against
the DPS and Aguilar and dismissed the claim without prejudice. It appears that no appeal
was taken from this order. Thereafter, appellees re-filed their suit in state court, mirroring
the same claims asserted in federal court.
          Appellees contend that section 101.106 requires a judgment on the merits. They
argue that because the federal court did not reach the merits of the state law claims, there
is no preclusive effect on appellees’ claims against Aguilar. However, the federal court’s
finding that sovereign immunity was not waived by the tort claims act is still a “judgment”
under the Act. McGowen v. Huang, 120 S.W.3d 452, 458 (Tex. App.–Texarkana 2003,
pet. filed); see also Liu v. City of San Antonio, 88 S.W.3d 737, 744 (Tex. App.–San Antonio
2002, pet. denied) (holding that trial court’s order granting governmental unit’s plea to
jurisdiction on immunity grounds was judgment for purposes of section 101.106); Dalehite
v. Nauta, 79 S.W.3d 243, 244 (Tex. App.–Houston [14th Dist.] 2002, pet. denied) (same);
Lowry v. Pearce, 72 S.W.3d 752, 754 (Tex. App.–Waco 2002, pet. denied) (same). Also,
two cases have specifically applied the bar to employee liability where the judgment for the
governmental unit was based on the plaintiff’s failure to comply with the notice
requirements of the Texas Tort Claims Act, a defense that would not have protected an
employee sued individually. Cox v. Klug, 855 S.W.2d 276, 280 (Tex. App.–Amarillo 1993,
no writ); Davis v. Mathis, 846 S.W.2d 84, 88-89 (Tex. App.–Dallas 1992, no writ); accord
Gonzalez v. El Paso Hosp. Dist., 940 S.W.2d 793, 795 (Tex. App.–El Paso 1997, no writ).
          The purpose of section 101.106 is to protect a governmental employee from
individual liability for acts or omissions made by the employee that are the basis of a claim
made against the employer under the tort claims act. Gonzalez, 940 S.W.2d at 795. For
section 101.106 purposes, it is irrelevant that the negligence claim remaining against
Aguilar is a different cause of action from those dismissed in federal court against Aguilar’s
employer, the DPS. Section 101.106 provides that a judgment in an action against a
governmental unit bars any action against an employee. Newman v. Obersteller, 960
S.W.2d 621, 622 (Tex. 1997). The Texas Supreme Court has determined that the
language “bars any action” is an unequivocal grant of immunity in those cases to which it
applies. See id. Unlike other provisions of the tort claims act, section 101.106 does not
say that the provision applies only when the employee is acting within the scope of his
employment or in good faith. Owens v. Medrano, 915 S.W.2d 214, 216 (Tex. App.–Corpus
Christi 1996, writ denied). Whether the plaintiff’s claim against the governmental unit falls
under the tort claims act is relevant; whether the plaintiff’s claim against the employee falls
under the tort claims act is not. White v. Annis, 864 S.W.2d 127, 130 (Tex. App.–Dallas
1993, writ denied); see Bell v. Love, 923 S.W.2d 229, 233 (Tex. App.–Houston [14th Dist.]
1996, no writ). If the legislature had intended for a judgment under the tort claims act to
bar only actions against the employee based on the same cause of action, it would have
written the statute to so provide. White, 864 S.W.2d at 131. Instead, the legislature used
the broad term “same subject matter.” Id. The term “same subject matter” in section
101.106 means “arising out of the same actions, transactions, or occurrences.” Bossley,
968 S.W.2d at 344.
          The immunity extended by section 101.106 has been recognized as harsh. See
Brand v. Savage, 920 S.W.2d 672, 675 (Tex. App.–Houston [1st Dist.] 1995, no writ). 
However, the Texas Supreme Court has noted:
Although a plaintiff who pursues the statutory remedy against the
government may lose his or her common law remedy against the employee,
the plaintiff is not required to follow this course. He or she may still opt to
pursue the full common law remedy against the responsible employee,
foregoing or postponing any attempt to recover from the government.
 
Thomas v. Oldham, 895 S.W.2d 352, 357-58 (Tex. 1995). Thus, “[o]nce the plaintiff
invokes the procedural devices of the Texas Tort Claims Act, to bring a cause of action
against the State, then he also is bound by the limitations and remedies provided in the
statute.” State Dep’t of Highways & Pub. Transp. v. Dopyera, 834 S.W.2d 50, 54 (Tex.
1992).
          Here, appellees’ state-law claims against the DPS in the federal court action were
claims under the tort claims act because the DPS, an agency of the State, was named as
defendant. See Urban v. Canada, 963 S.W.2d 805, 808 (Tex. App.–San Antonio 1998,
no pet.). It is undisputed that Aguilar is an employee of the DPS. Thus, applying section
101.106 to this case, we conclude that the federal court’s December 17, 1993 order
dismissing appellees’ claims against the DPS barred appellees’ tort claims arising from the
same occurrence – the alleged improper execution of a search warrant – asserted against
Aguilar in this lawsuit. Accordingly, we hold the trial court erred in denying Aguilar’s second
motion for summary judgment.
          We sustain Aguilar’s second issue. In view of our disposition of this issue, it is not
necessary that we address Aguilar’s remaining issues. See Tex. R. App. P. 47.1.
          We reverse the trial court’s order denying Aguilar’s motion for summary judgment. 
Under Rule 43.2 of the Texas Rules of Appellate Procedure, we render judgment that
appellees take nothing against Aguilar. Tex. R. App. P. 43.2. See Newman v. Obersteller,
960 S.W.2d 621, 623 (Tex. 1997); see also City of Hidalgo v. Prado, 996 S.W.2d 364, 374
(Tex. App.–Corpus Christi 1999, no pet.). 
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice

Memorandum Opinion delivered and filed
this the 17th day of June, 2004.