**Demetria CLARK, Appellant,**

v.

**UNIVERSITY OF HOUSTON, Matthew Stewart, and Jon Williams, Appellees.**

**No. 14-96-00005-CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 9, 2001.

Rehearing Overruled Nov. 15, 2001.

---

Levon G. Hovnatanian, Houston, for appellant.

Stephen Ronald Keister, Austin, for appellees.

Panel consists of Justice EDELMAN, LEE, and AMIDEI.*

## OPINION ON REMAND

NORMAN LEE, Senior Justice (Assigned).

In this appeal we face the limited question of whether a police officer pursuing a suspect is engaged in a discretionary act when his pursuit is at the direction of a superior officer. Because we find that this officer's pursuit was a discretionary act, we affirm the judgment of the trial court.

On February 9, 1991, Kevin Thomas was involved in a fight at the University Center

---

* Senior Justice Lee and Former Justice Amidei sitting by assignment.

Circle on the University of Houston campus. Thomas got into his vehicle although University police officers instructed him to stay. Before the officers could ascertain his identity or license plate number, Thomas fled the scene.

As Thomas left the campus, Sergeant Jon Williams turned his patrol car sideways and tried to stop Thomas's vehicle. Thomas drove around the patrol car, and Sergeant Williams attempted to follow. Sergeant Williams then observed another University of Houston patrol car, driven by Officer Matthew Stewart, in position to intercept Thomas. Sergeant Williams radioed to the patrol car and told Officer Stewart to stop Thomas. Officer Stewart activated his overhead lights and siren and pursued Thomas. During the chase, Thomas's vehicle ran a red light and collided with a car driven by Sean Cory Boyette. Demetria Clark, appellant in this case, sustained injuries in the collision.

Clark sued Williams, Stewart, and the University of Houston for negligence, negligence per se, and civil rights violations.[1] Stewart and Williams moved for summary judgment based on official immunity. The University of Houston moved for summary judgment based on sovereign immunity, relying on Williams's and Stewart's official immunity. The trial court granted summary judgment for the defendants, prompting Clark's appeal. This court found that the evidence presented by the officers did not establish that they were acting in good faith as a matter of law and reversed. *Clark v. University of Houston,* 979 S.W.2d 707 (Tex. App.-Houston [14th Dist.] 1998)(en banc). The officers and the university appealed to the supreme court, which reversed on the issue of good faith. *University of Houston v. Clark,* 38 S.W.3d 578 (Tex.2000). Because this court did not originally reach the issue of whether Stew-

art's pursuit was discretionary or ministerial, the cause was remanded to permit us to consider this point.

■ Official immunity is an affirmative defense that protects government employees from personal liability. *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994). When official immunity shields a governmental employee from liability, sovereign immunity shields the governmental employer from vicarious liability. *DeWitt v. Harris County,* 904 S.W.2d 650, 653 (Tex.1995). A governmental employee is entitled to official immunity: (1) for the performance of discretionary duties; (2) within the scope of the employee's authority; (3) provided the employee acts in good faith. *Chambers,* 883 S.W.2d at 653. Because official immunity is an affirmative defense, the governmental employee must conclusively prove each element of the defense in order to obtain summary judgment on official immunity. *Kassen v. Hatley,* 887 S.W.2d 4, 8-9 (Tex. 1994).

■ The issue before us is whether Stewart's pursuit of Thomas was a discretionary act; if it was, then Stewart is entitled to assert official immunity as a defense and the trial court did not err in granting summary judgment. If an action involves personal deliberation, decision and judgment, it is discretionary; actions which require obedience to orders or the performance of a duty to which the actor has no choice, are ministerial. *Chambers,* 883 S.W.2d at 654. Clark contends that because Stewart was ordered to chase Thomas's vehicle by Williams, his superior officer, he was performing a ministerial act at the time of the collision. We disagree.

This case is controlled by *Chambers,* which involved a high-speed chase of a

---

**1.** Clark also sued the suspect. He was not a    party to this appeal.

 

motorcyclist and his passenger and which eventually involved ten police vehicles from five different jurisdictions. The chase ended when the cyclist lost control of his vehicle on an exit ramp and crashed, killing himself and injuring the passenger. *Id.* at 652. The passenger's parents sued, and the trial court granted summary judgment. *Id.* The supreme court agreed, finding that plaintiffs' negligence claims were barred by the officers' official immunity:

> Beyond the initial decision to engage in the chase, a high speed pursuit involves the officer's discretion on a number of levels, including, which route should be followed, at what speed, should back-up be called for, and how closely should the fleeing vehicle be pursued. We hold that these police officer's engaging in a high-speed chase was a discretionary act.

*Id.* at 655.

It is important to note that the defendants in *Chambers* included both the police officer who saw the original moving violation, and thus initiated the pursuit, and three other officers who joined the chase at the original officer's request for assistance. We assume some of these officers were following orders when they joined the pursuit; yet the supreme court did not distinguish between the officers in holding that their pursuit was a discretionary act. In the present case, although Stewart was initially ordered to pursue the suspect, the conduct of the pursuit was left to his discretion. The discretionary nature of the act was highlighted in this case by Stewart's own affidavit, in which he stated he had decided to discontinue pursuit before the accident occurred. We therefore find that Officer Stewart was engaged in a discretionary act at the time of the collision.

Because the pursuit of Thomas's vehicle was a discretionary act, we find that Stewart established all the elements of his official immunity defense as a matter of law.

Because Stewart established this defense as a matter of law, the University of Houston was entitled to rely on this in establishing its own defense of sovereign immunity. The judgment of the trial court is therefore affirmed.