Opinion issued October 24, 2002











 





In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00368-CV

____________


UNIVERSITY OF HOUSTON MAIN CAMPUS, Appellant


V.


STEVEN SIMONS, Appellee






On Appeal from the 11th District Court

Harris County, Texas

Trial Court Cause No. 02-01038






O P I N I O N

 Appellant, the University of Houston Main Campus ("the University"), brings
an accelerated, interlocutory appeal from the trial court's denial of its plea to the
jurisdiction. (1)

 In its sole issue, the University argues that the trial court erred in denying its
plea to the jurisdiction and in failing to dismiss all claims asserted by appellee, Steven
Simons. We reverse the order of the trial court and render a judgment of dismissal
without prejudice.

Facts and Procedural Background


 Simons alleges that, in January 1998, he enrolled at the University as a
graduate student, registered for classes, purchased a campus parking sticker for his
car, signed a five-month on-campus housing contract, paid for his housing with a
credit card, and moved into a dormitory.

 Approximately one month later, campus police impounded his car and refused
to have the car returned to the lot where it had been parked. Simons further alleges
that, two months later, he was effectively evicted from his dormitory room when
University representatives changed the lock on his door and retained possession of
all his belongings left in the room. Simons claims that, when he subsequently
requested a bill from the University itemizing his outstanding financial obligations,
the University overcharged his account and included a collection fee.

 Simons subsequently filed this lawsuit against the University, asserting causes
of action for breach of contract, conversion, intentional infliction of emotional
distress, fraud, and violations of the Deceptive Trade Practices-Consumer Protection
Act (2) ("DTPA") and the Debt Collection Act. (3)

 The University answered the lawsuit and filed a plea to the jurisdiction,
asserting that, as a governmental entity, it was entitled to sovereign immunity from
suit on Simons's claims. The trial court denied the University's plea.

Governmental Immunity (4)


 Under the doctrine of governmental immunity, a unit of government may not
be sued without consent. Scott v. Prairie View A & M Univ., 7 S.W.3d 717, 719 (Tex.
App.--Houston [1st Dist.] 1999, pet. denied). The University is a "governmental
unit" generally immune from tort liability, except when the legislature has specifically
waived that immunity. Tex. Educ. Code Ann. § 111.01 (Vernon Supp. 2002); Tex.
Civ. Prac. & Rem. Code Ann. § 101.001(3)(D) (Vernon Supp. 2002); Clark v. Univ.
of Houston, 60 S.W.3d 206, 209 (Tex. App.--Houston [14th Dist.] 2001, no pet.).

 In the absence of a waiver of governmental immunity, a court has no
jurisdiction to entertain a suit against a governmental unit. Tex. Dep't of Transp. v.
Jones, 8 S.W.3d 636, 638 (Tex. 1999). When a trial court learns that it lacks
jurisdiction to hear a cause, the court must dismiss the cause and refrain from
rendering a judgment on the merits. Li v. Univ. of Tex. Health Sci. Ctr., 984 S.W.2d
647, 654 (Tex. App.--Houston [14th Dist.] 1998, writ denied).

 We address each of Simons's causes of action to determine whether the
University's governmental immunity has been waived.

Intentional Tort Claims

 The Texas Tort Claims Act ("the Act") provides a limited waiver of immunity
for "governmental units." Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon
1997). This waiver does not extend to suits for intentional torts. Id. § 101.057(2)
(Vernon 1997).

 Simons's causes of action for conversion, fraud, and intentional infliction of
emotional distress are intentional tort claims. See Tex. River Barges v. City of San
Antonio, 21 S.W.3d 347, 356-57 (Tex. App.--San Antonio 2000, pet. denied)
(conversion); Univ. of Tex. Med. Branch at Galveston v. Hohman, 6 S.W.3d 767, 777
(Tex. App.--Houston [1st Dist.] 1999, pet. dism'd w.o.j.) (intentional infliction of
emotional distress); Tex. S. Univ. v. Araserve Campus Dining Servs. of Tex., 981
S.W.2d 929, 935 (Tex. App.--Houston [1st Dist.] 1998, pet. denied) (fraud).

 Because the Act does not waive the University's governmental immunity from
suit for Simons's claims for conversion, fraud, and intentional infliction of emotional
distress, we hold the trial court erred in not dismissing those claims for want of
jurisdiction.

Breach of Contract Claim

 Governmental immunity also protects governmental units from lawsuits for
money damages unless the legislature expressly consents to the suit. Gen. Servs. 
Comm'n v. Little-Tex Insulation Co., 39 S.W.3d 591, 593 (Tex. 2001). When a
governmental unit contracts with a private citizen, it generally retains immunity from
suit even though it waives immunity from liability. Fed. Sign v. Tex. S. Univ., 951
S.W.2d 401, 408 (Tex. 1997). Generally, a party seeking redress for breach of
contract can establish legislative consent to sue by bringing suit under a special
statute or obtaining a legislative resolution. Little Tex, 39 S.W.3d at 596; see Tex.
Civ. Prac. & Rem. Code Ann. § 107.002 (Vernon 1997).

 The record does not indicate, and Simons has not alleged, that he obtained
legislative consent to sue the University for his breach of contract claim. Nor has he
brought his cause of action under a special statutory provision waiving the
University's immunity from suit. Accordingly, we hold the trial court erred in not
dismissing Simon's breach of contract claim for want of jurisdiction.

Statutory Claims

 In regard to Simons's causes of action for violations of the DTPA and the Debt
Collection Act, we note that legislative consent to suit, whether expressed by statute
or otherwise, must be "by clear and unambiguous language." Univ. of Tex. Med.
Branch v. York, 871 S.W.2d 175, 177 (Tex. 1994); see, e.g., Tex. Civ. Prac. & Rem.
Code Ann. § 101.025(a) (Vernon 1997) ("Sovereign immunity to suit is waived and
abolished to the extent of liability created by this chapter.").

 Neither the DTPA nor the Debt Collection Act clearly and unambiguously
provides for a waiver of immunity from suit for governmental units. Accordingly, we
hold the trial court erred in not dismissing Simon's statutory claims for want of
jurisdiction.

Governmental Functions

 On appeal, Simons argues that the trial court properly denied the University's
plea to the jurisdiction because the Act provides a limited waiver of immunity from
suit for governmental units when such entities engage in tortious conduct while
performing "governmental" functions.

 Simons relies on section 101.0215 of the Act, which provides a non-exclusive
list of governmental functions performed by municipalities. Tex. Civ. Prac. & Rem.
Code Ann. § 101.0215 (Vernon Supp. 2002). However, section 101.0215
specifically applies only to municipalities and does not waive the University's
immunity from suit.

Federal Claims

 Finally, Simons contends that the University is not entitled to immunity from
suit for violations of federal consumer protection laws and the United States
Constitution and that his pleadings should be construed to raise such claims.

 Simons's petition did not allege federal statutory claims or violations of federal
laws or the United States Constitution; rather, he pleaded his causes of action as
based on Texas statutes and common-law. Further, there is no indication that the trial
court considered Simons's pleadings as based on federal law when it denied the
University's plea to the jurisdiction. Therefore, we may not consider Simons's
federal claims, raised for the first time on appeal.

 We sustain the University's issue on appeal.


Conclusion


 We reverse the order of the trial court denying the University's plea to the
jurisdiction and render a judgment of dismissal, without prejudice, of all of Simons's
causes of action.



 Terry Jennings

 Justice


Panel consists of Justices Nuchia, Jennings, and Radack.


Do not publish. Tex. R. App. P. 47.
1. We have jurisdiction over this appeal pursuant to Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a)(8) (Vernon Supp. 2002), which permits an
interlocutory appeal from a district court order that denies a plea to the
jurisdiction by a governmental unit.
2. Tex. Bus. & Com. Code Ann. §§ 17.41-.63 (Vernon 2002).
3. Tex. Fin. Code Ann. §§ 392.001-.404 (Vernon 1998 & Supp. 2002).
4. Governmental immunity is also referred to as sovereign immunity from suit. 
See, e.g., Brand v. Savage, 920 S.W.2d 672, 674 (Tex. App.--Houston [1st
Dist.] 1995, no writ).