NO. 07-04-0115-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 20, 2004



______________________________




LEE A. BRIONES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-402135; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Following his plea of not guilty, appellant Lee A. Briones was convicted by a jury of
possession with intent to deliver a controlled substance in a drug free zone. Punishment
was assessed by the jury at 70 years confinement. By two issues, appellant challenges
his conviction maintaining the trial court erred in failing (1) to suppress illegally seized
evidence and (2) to charge the jury with the law applicable to illegally seized evidence. We
affirm.

 In July 2002, Officer Manuel Reyna was working undercover with the Drug
Enforcement Administration when he met appellant through a confidential informant (CI)
to discuss a narcotics and arms transaction. Approximately a week later, while other law
enforcement officers were conducting visual surveillance on appellant's residence, Reyna
and the CI were invited inside to purchase crack cocaine. According to Reyna's testimony,
he and the CI followed appellant into a bedroom where appellant retrieved cocaine from
a closet. Once the transaction was completed, Reyna, the CI, and all other officers
involved in surveillance returned to the police department.

 While at the department, the CI gave a statement which prompted Reyna to obtain
a search warrant. Approximately one hour after the buy, Reyna instructed other officers
to return to appellant's residence to resume surveillance while he secured the warrant. 
During surveillance, a female carrying a paper sack exited appellant's residence, got in her
car, and drove away. Concerned with possible removal of narcotics or the buy money, a
senior officer directed other officers to follow and stop the female. She was identified as
appellant's mother and was detained for outstanding warrants. Apprehensive that evidence
might be destroyed, the senior officer at the residence instructed officers to enter and
secure the premises. Six officers dressed in raid gear entered the premises without
knocking and conducted a search of persons and a protective sweep.


 At the time, appellant and one of his brothers were the only occupants. They were
handcuffed and officers remained in the residence with them but did not conduct a search
for narcotics until Officer Reyna notified them he had obtained a warrant. Reyna testified
that after a judge signed the warrant, (1) he contacted the officers on site and advised them
to begin the search unaware that officers had already entered the premises.

 Although Reyna had procured a warrant, a copy of it had not been presented to the
owner of the residence when officers had begun searching drawers, closets, clothing, etc.
and seized cocaine in the pockets of two jackets. (2) Also seized were digital scales, a bowl
typically used to cook cocaine, and plastic baggies commonly used to package cocaine.

 Appellant was indicted for possession with intent to deliver 400 or more grams of
cocaine in a drug free zone. Following a hearing on his motion to suppress evidence, the
trial court denied it on the basis that the warrant had been duly complied with and the
officers had the right to enter the residence and secure it. 

 By his first issue, appellant maintains the trial court erred in failing to suppress
illegally seized evidence. We disagree. A trial court's ruling on a motion to suppress is
reviewed for abuse of discretion. Oles v. State, 993 S.W.2d 103, 106 (Tex.Cr.App. 1999). 
We apply a bifurcated standard of review giving almost total deference to the court's
determination of historical facts and reviewing de novo its application of the law of search
and seizure to those facts. Laney v. State, 117 S.W.3d 854, 857 (Tex.Cr.App. 2003); State
v. Ross, 32 S.W.3d 853, 856 (Tex.Cr.App. 2000); see also Guzman v. State, 955 S.W.2d
85, 89 (Tex.Cr.App. 1997). The evidence should be viewed in the light most favorable to
the court's ruling. Armendariz v. State, 123 S.W.3d 401, 402 (Tex.Cr.App. 2003), cert.
denied, __ U.S. __, 124 S.Ct. 1883, 158 L.Ed.2d 469 (2004); State v. Ballard, 987 S.W.2d
889, 891 (Tex.Cr.App. 1999). Furthermore, the trial court's ruling admitting the evidence
will be upheld if it is reasonably supported by the evidence and correct on any theory of
law. Willover v. State, 70 S.W.3d 841, 845 (Tex.Cr.App. 2002). In a suppression hearing
the trial court is the sole judge of the credibility of the witnesses and the weight to be given
their testimony. Id. at 855. 

 Relying on the Fourth Amendment, article I, section 19 of the Texas Constitution,
and articles 1.06 and 38.23 of the Texas Code of Criminal Procedure, appellant asserts the
exigent circumstances exception to a warrantless search does not apply and "seizure" of
the evidence occurred prior to obtaining a warrant. The State's position is that exigent
circumstances to enter the premises existed and if not, relying on Segura v. United States,
468 U.S. 796, 104 S.Ct. 3380, 3386, 82 L.Ed.2d 599, 609 (1984), it argues the evidence
was seized pursuant to a valid search warrant.

 To justify a warrantless search, the State must show the existence of probable
cause at the time of the search and the existence of exigent circumstances that made
procuring a warrant impracticable. McNairy v. State, 835 S.W.2d 101, 106 (Tex.Cr.App.
1991). Exigent circumstances include (1) rendering aid or assistance to persons whom the
officers reasonably believe are in need of assistance, (2) preventing the destruction of
evidence or contraband, and (3) protecting the officers from persons whom they reasonably
believe to be present and armed and dangerous. Id. at 107. 

 Securing a dwelling based on probable cause to prevent destruction or removal of
evidence while a search warrant is being sought is not an unreasonable seizure. Segura,
104 S.Ct. at 3388. Where officers having probable cause enter a residence and arrest the
occupants who have a legitimate possessory interest in its contents and secure the
premises to preserve the status quo while others, in good faith, are in the process of
obtaining a warrant, they do not violate the Fourth Amendment's proscription against
unreasonable seizures. Id. at 3382; McGlothlin v. State, 705 S.W.2d 851, 855
(Tex.App.-Fort Worth 1986), rev'd on other grounds, 749 S.W.2d 856 (Tex.Cr.App. 1988). 

 The evidence established that following the buy, Officer Reyna and the other officers
returned to the police department where the decision to obtain a warrant was made. For
approximately one hour appellant's residence was without surveillance. The evidence also
showed that once surveillance resumed and appellant's mother left the residence carrying
a sack, she was stopped far enough away from the residence so as not to alert appellant. 
Testimony from other officers established that appellant's mother had no means of
communicating with appellant after she was stopped, and no evidence was presented of
possible counter-surveillance that could have lead appellant to discover law enforcement
was conducting surveillance. Although the State argues it was concerned with destruction
or removal of evidence, there is no evidence in support of that argument. Also, there was
no evidence to indicate that obtaining a search warrant would have been impracticable. 
We conclude the State did not establish the existence of exigent circumstances to justify
entry into appellant's residence prior to Officer Reyna obtaining the warrant. 

 Nevertheless, whether the initial entry into appellant's residence was illegal is
irrelevant to the admissibility of the challenged evidence where there was an independent
source for the warrant under which the evidence was seized. See Segura, 104 S.Ct. at
3390; see also Walters v. State, 680 S.W.2d 60, 62 (Tex.App.-Amarillo 1984, no pet.). The
warrant was based on information gathered during the undercover buy which was wholly
unconnected and prior to the initial entry. The items appellant asserts were erroneously
admitted into evidence were seized during a search conducted pursuant to a valid warrant. 
We conclude the trial court did not abuse its discretion in denying appellant's motion to
suppress. Issue one is overruled. 

 By his second issue, appellant urges error by the trial court in failing to charge the
jury with the law applicable to illegally seized evidence pursuant to article 38.23(a) of the
Texas Code of Criminal Procedure. (3) The State asserts appellant has waived this
contention. We agree.

 Following the charge conference and the trial court's offer to entertain objections,
defense counsel objected and requested: 

 an instruction be given to the jury on the execution of the search warrant in
this case. There has been evidence that it may possibly have not come up
to the standard that it needs to.


On appeal appellant does not challenge the execution of the warrant; rather, he contends
an instruction was mandatory because a fact question was raised by the evidence
regarding the illegality of the warrantless search. (Emphasis added). 

 The objection lodged at trial does not comport with the complaint on appeal and
thus, nothing is preserved for review regarding article 38.23(a). See Goff v. State, 931
S.W.3d 537, 551 (Tex.Cr.App. 1996); Boyd v. State, 643 S.W.2d 700, 706 (Tex.Cr.App.
1982). By his objection following the charge conference, appellant challenged the
execution of the warrant and on appeal contends the search was conducted without a
warrant. The underlying objection in no way alerted the trial court to the alleged error of
which appellant now complains. Issue two is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.

1. The warrant commanded officers to search for "crack cocaine, and any other
controlled substances, packaging materials, scales, money, and any other contraband
and/or items consistent with or indicative of trafficking of crack cocaine and other controlled
substances and the containers which may contain them . . . ."
2. See Tex. Code Crim. Proc. Ann. art. 18.06(b) (Vernon 1977).
3. Article 38.23(a) provides in part:

 In any case where the legal evidence raises an issue hereunder, the jury
shall be instructed that if it believes, or has a reasonable doubt, that the
evidence was obtained in violation of the provisions of this Article, then and
in such event, the jury shall disregard any such evidence so obtained.


ve Sprint's drivers or (2) 
monitor general safety practices of Sprint; however, before the motions were heard, the
Smiths filed their seventh and eighth amended petitions. (3)

Claims Against Millenium


 By their seventh amended petition filed January 2, 2001, the Smiths amended their
claims regarding assumed duties. As restated, they contended that Millenium (1) 
undertook to provide the services set forth in the November 26, 1997 letter: to assign John
Kemp to assist Sprint in reducing its losses and insurance claims, and (2) negligently
performed its undertaking to obtain a report of the driver's record. Notwithstanding the
substantial amendment of the Smiths' claims, Millenium did not amend its motion for
summary judgment to address them, but instead presented its motion to the trial court,
which was granted by order signed January 11, 2001. (4) 

Claims Against Truck Office


 The Smiths' pleadings were again amended by an eighth amended petition filed on
February 20, 2001. By this amendment, Smith alleged that Truck Office (1) undertook to
provide the services per the November 26, 1997 letter and to assign John Kemp to assist
Sprint in reducing its losses and insurance claims, and (2) that the undertaking to obtain a
driving record was "negligently obtained." (5) Truck Office did not amend its motion to address
the amended claims, but instead presented its motion for summary judgment, which was
granted by order signed March 2, 2001.

 After the two motions were granted, the Smiths announced a settlement with other
parties. Then, on June 29, 2001, the trial court signed a Modified Final Judgment which,
among other things, provided that based upon the two summary judgments, the Smiths take
nothing against Millenium and Truck Office. Neither order granting summary judgment
specifies or states the grounds relied on by the trial court. Although the motions were not
presented as no-evidence motions under Rule 166a(i), by their point of error, the Smiths
assert that they produced sufficient evidence to support two duties:


 affirmatively undertook to improve Sprint Transportation's safety
performance; and
 assumed a duty owed by Sprint Transportation to the traveling public--the duty to operate its fleet safely.



Based upon our examination of the record, the two alleged duties were not raised in the trial
court.

 Issues to be tried are defined by the pleadings and the pleadings should give fair and
adequate notice of the facts upon which the party relies so that the other party may properly
prepare a defense. Murray v. O & A Express, Inc., 630 S.W.2d 633, 636 (Tex. 1982). 
Because the pleadings "on file at the time of the hearing" are the controlling pleadings for
purposes of summary judgment practice, see Rule 166a(c) of the Texas Rules of Civil
Procedure, and only issues "expressly presented" may be considered on appeal as grounds
for reversal, Clear Creek Basin Authority, 589 S.W.2d at 673, we must determine which of
the duties set out in the seventh and eighth petitions comport with the two duties which the
Smiths contend were established for summary judgment purposes by their summary
judgment evidence. Our comparison of the duties alleged in the seventh amended petition (6)
with the two duties raised by the Smiths on appeal demonstrates that the duties asserted
on appeal were not presented in the trial pleading or otherwise. Similarly, the two duties
asserted on appeal were not presented in the eighth petition. (7) 

 As an appellate court, we are not authorized to reverse a trial court's judgment in the
absence of properly assigned error. State Bd. of Ins. v. Westland Film Indust., 705 S.W.2d
695, 696 (Tex. 1986). Moreover, because the two duties which the Smiths contend were
supported by their evidence and precluded summary judgment were not expressly
presented by the live pleadings or otherwise in the trial court, they may not be considered
for the first time on appeal as reasons for reversal of the summary judgment. Clear Creek
Basin Authority, 589 S.W.2d at 678-79; see also Cox v. Klug, 855 S.W.2d 276, 279
(Tex.App.--Amarillo 1993, no writ). The Smiths' point of error is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. The per unit cost for the prior year was $3,700 and the new cost was $4,008 on a
monthly reporting basis. 
2. See Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983); Higbie Roth v.
Houston Shell & Concrete, 1 S.W.3d 808, 811 (Tex.App.--Houston [1st Dist.] 1999, pet.
denied).
3. The Smiths do not present a point or issue contending that Millenium and Truck
Office should have amended or supplemented their motions for summary judgment. See
generally Smith v. Atlantic Richfield Co., 927 S.W.2d 85, 88 (Tex.App.--Houston [1st Dist.]
1996, writ denied) (holding that a motion for summary judgment be amended or
supplemented after a petition is amended to address new causes of action and to dispose
of the entire case).
4. The order bears date of March 2, 2000; however, other portions of the record and
letter from counsel to the clerk requesting the record confirm that the order was signed on 
March 2, 2001.
5. The second duty alleged was directed to Millenium; however, its motion for summary
judgment had already been signed at the time of the amendment.
6. The live pleading when Millenium's motion was granted.
7. The live pleading when Truck Office's motion was granted.