**Opinion filed August 31, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00247-CV
_____

## HOMERO DE HOYOS AND LUCIA DE HOYOS, Appellants

## V.

## RYAN TROWBRIDGE, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 25237-B**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a jury trial on a suit to collect a note. Appellants, Homero De Hoyos and Lucia De Hoyos, filed suit against Appellee, Ryan Trowbridge, to collect on a real estate lien note. Appellants asserted that Appellee remained indebted to them under the terms of the note. The trial court submitted various questions to the jury, including two questions that inquired about defensive matters asserted at trial by Appellee. Based upon the jury's affirmative finding on

one of the defensive issues, the trial court entered a judgment that Appellants "take[] nothing" on their suit against Appellee. The trial court also awarded Appellee attorney's fees in the amount of $6,200. Appellants challenge the trial court's take-nothing judgment in two issues, which contain multiple sub-issues. Appellee also challenges the amount of attorney's fees awarded by the trial court. We reverse and remand.

*Background Facts*

Appellee placed an advertisement in a local newspaper indicating that he was interested in purchasing houses in Abilene. Homero De Hoyos responded to the advertisement. He and Appellee reached an agreement for Appellants to sell their house on South 3rd Street to Appellee. Appellee executed a real estate lien note dated February 8, 2006, made payable to Appellants in the amount of $33,000. The note called for payments in the amount of $250 per month. Appellee's wife, Stephanie Trowbridge, prepared the $33,000 note for the parties to execute.

After Appellee made twenty payments on the note totaling $5,000, the City of Abilene condemned the house. Appellee's wife contacted De Hoyos[1] seeking to renegotiate the terms of the $33,000 note. She based the request to renegotiate the payment terms on the additional costs that she and Appellee would incur because of the condemnation of the house. De Hoyos agreed to the execution of a new note in the amount of $16,250. Appellee's wife prepared the $16,250 note and forwarded it to Appellants for execution.

One of the primary issues at trial concerned the disposition of the $5,000 that Appellee paid to Appellants prior to the execution of the $16,250 note. Appellants asserted that the $16,250 note constituted a novation of Appellee's remaining indebtedness on the $33,000 note. Appellee asserted that the $16,250 note

---

[1]All singular references in this opinion to "De Hoyos" are to Homero De Hoyos.

2

constituted a modification of the $33,000 note. The trial court succinctly explained the legal effect of a novation versus a modification as follows:

> Counsel, when we were having our charge conference in chambers, we discussed the -- that if the jury found that the $16,250 note is a novation, then the Defendant would not be given credit for payments made prior to the $16,250 note. And that if the jury concluded that the $16,250 note was a modification, then the Defendant would be given credit for payments made prior to execution of the $16,250 note.

The jury determined that the $16,250 note constituted a modification of the $33,000 note.

Appellee made $10,000 in payments on the $16,250 note after its execution. Appellee stopped making payments on the $16,250 note in February 2011 based upon his thought that the $5,000 that he paid on the $33,000 note applied to the $16,250 note and an alleged oral agreement that Appellee's wife made with De Hoyos in February 2009 to cancel $1,250 of the indebtedness on the $16,250 note. The jury determined that De Hoyos did not agree to cancel $1,250 of indebtedness from the $16,250 note.

Despite the jury's determination that Appellee remained indebted to Appellants in the amount of $1,250, the trial court did not render judgment in favor of Appellants for this amount. Instead, the trial court rendered a take-nothing judgment on Appellants' suit on the note. The trial court based the take nothing judgment on a jury finding that Appellants failed to give Appellee notice of default at least thirty days prior to filing suit. The trial court also awarded Appellee attorney's fees in the amount of $6,200.

## *Analysis*

Appellants present numerous arguments on appeal. Their first issue is couched as a complaint that the trial court erred by failing to grant their motion for judgment. However, the first issue is composed of nine separately numbered sub-

issues. Their second issue is couched as a complaint that, for the same nine reasons listed in their first issue, the trial court erred by failing to grant their motion for new trial. Appellants brief all their issues in a single argument section. Appellee contends that the trial court erred in granting him attorney's fees in an amount less than the amount found by the jury. In this regard, Appellee also filed a notice of appeal in this cause. We will initially address Appellants' issues.

Appellants' Issue Nos. 1(4), 1(5), 1(6), 1(7), 2(4), 2(5), 2(6), and 2(7) address the defensive issue of notice that the jury answered in favor of Appellee. The jury's answer to the notice issue was significant because it precluded any recovery by Appellants on their claim for payment of the note. Appellee cited Section 51.002(d) of the Texas Property Code for the proposition that Appellants were precluded from collecting on the note because they did not give Appellee notice by certified mail and an opportunity to cure the alleged default at least twenty days prior to filing suit. *See* TEX. PROP. CODE ANN. § 51.002(d) (West 2014).

Appellants complain in Issue No. 1(4) that the trial court erred in submitting the notice issue to the jury because Appellee only pleaded a general denial. Appellants contend that the notice issue was an affirmative defense that Appellee was required to specifically plead under TEX. R. CIV. P. 94. Appellee responds to this contention by asserting that his pleading of a general denial was sufficient to raise the issue of notice because Appellants raised the issue of notice in their pleadings.

We review a trial court's decision to submit or refuse a particular instruction under an abuse of discretion standard. *Shupe v. Lingafelter*, 192 S.W.3d 577, 579 (Tex. 2006). A judgment will not be reversed for charge error unless the error was so harmful that it probably caused the rendition of an improper verdict or probably prevented the appellant from properly presenting the case to the appellate courts. *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 856 (Tex.

4

2009); *see* TEX. R. APP. P. 44.1(a). "Charge error is generally considered harmful if it relates to a contested, critical issue." *Hawley*, 284 S.W.3d at 856.

An affirmative defense is a matter asserted in avoidance of a party's argument or position, rather than a matter asserted in denial of that party's position. *Gorman v. Life Ins. Co. of N. Am.*, 811 S.W.2d 542, 546 (Tex. 1991). The party asserting an affirmative defense bears the burden of pleading and proving its elements. *Welch v. Hrabar*, 110 S.W.3d 601, 606 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). As a general rule, an affirmative defense must be pleaded or it is waived. TEX. R. CIV. P. 94. If an affirmative defense is not pleaded or tried by consent, it is waived. *Compass Bank v. MFP Fin. Servs., Inc.*, 152 S.W.3d 844, 851 (Tex. App.—Dallas 2005, pet. denied) (citing *RE/MAX of Tex., Inc. v. Katar Corp.*, 961 S.W.2d 324, 327–28 (Tex. App.—Houston [1st Dist.] 1997, pet. denied)).

The failure to give an allegedly required statutory notice is an affirmative defense. *Forney 921 Lot Dev. Partners I, L.P. v. Paul Taylor Homes, Ltd.*, 349 S.W.3d 258, 267 (Tex. App.—Dallas 2011, pet. denied) (citing *Cox v. Klug*, 855 S.W.2d 276, 280 (Tex. App.—Amarillo 1993, no writ)). An exception to the general rule that an affirmative defense is waived if not pleaded arises if the other party anticipates defensive matters and sets them forth in its own pleadings. *Phillips v. Phillips*, 820 S.W.2d 785, 789 (Tex. 1991). Appellee contends that this exception is applicable because Appellants sought foreclosure of the vendor's lien and alleged that they had performed all conditions precedent. We disagree with Appellee's contention.

When a plaintiff avers generally that all conditions precedent have been performed, he is required to prove the performance of only those conditions precedent specifically denied by the defendant. *Lidawi v. Progressive Cty. Mut. Ins. Co.*, 112 S.W.3d 725, 729 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Accordingly, Appellants' pleading of performance of all conditions precedent did

not relieve Appellee of the requirement of pleading affirmative defenses. Furthermore, the notice required by Section 51.002(d) is inapplicable to this case by its express terms. The statute requires a particular form of notice to a debtor when a creditor seeks to foreclose on property "*used as the debtor's residence*" (emphasis added). The provision only applies to an attempt to foreclose on the debtor's current residence. *Teachout v. Kitchen*, No. 14-03-00215-CV, 2004 WL 794383, at *3 (Tex. App.—Houston [14th Dist.] April 15, 2004, no pet.) (mem. op.). The evidence at trial established that Appellee never used the property as his residence. In fact, Appellee no longer possessed any interest in the property because he sold it to a third party soon after the execution of the $16,250 note. We conclude that Appellants' pleadings did not address notice and that Section 51.002(d) is inapplicable to their claim.

In the absence of a pleading of the affirmative defense of lack of statutory notice, the trial court abused its discretion in submitting the issue to the jury. Furthermore, the jury's resolution of this issue precluded Appellants' recovery on the note. Accordingly, this error constituted reversible error. We sustain Appellants' Issue No. 1(4). We need not address Appellants' remaining issues pertaining to the notice finding (Issue Nos. 1(5), 1(6), 1(7), 2(4), 2(5), 2(6), and 2(7)) in light of our ruling on Issue No. 1(4).

Appellants' Issue Nos. 1(1), 1(2), 1(3), 2(1), 2(2), and 2(3) concern the modification finding. Appellants assert in Issue Nos. 1(1), 1(2), 2(1), and 2(2) that the trial court erred in submitting the modification issue because Appellee did not plead it as an affirmative defense. Contract modification is an affirmative defense. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). However, Appellants pleaded in one instance that "the [$33,000] note was *modified* by agreement in

6

November of 2007"[2] (emphasis added). Accordingly, the trial court did not abuse its discretion by submitting this issue to the jury based upon Appellants' complaint that modification had not been pleaded. We overrule Issue Nos. 1(1), 1(2), 2(1), and 2(2).

Appellants assert in Issue No. 2(3) that the trial court erred in denying their motion for new trial because the jury's finding that the $16,250 note constituted a modification of the $33,000 note was against the great weight and preponderance of the evidence. A challenge to the factual sufficiency of the evidence is properly preserved in a motion for new trial. TEX. R. CIV. P. 324(b)(2), (3); *Cecil v. Smith*, 804 S.W.2d 509, 510 (Tex. 1991). When reviewing a jury verdict to determine the factual sufficiency of the evidence, the court of appeals must consider and weigh all the evidence and should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

In this case, the jury was essentially asked to give a legal interpretation of the effect of the $16,250 note on the $33,000 note. Courts generally employ the same rules for interpreting a note that they use to interpret a contract. *Fin. Freedom Sr. Funding Corp. v. Horrocks*, 294 S.W.3d 749, 753 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing *EMC Mortg. Corp. v. Davis*, 167 S.W.3d 406, 413 (Tex. App.—Austin 2005, pet. denied)). "In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument." *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005). Ordinarily, the writing alone is sufficient to express the parties' intentions— for it is the objective, not subjective, intent that controls. *Matagorda Cty. Hosp. Dist. v. Burwell*, 189 S.W.3d 738, 740 (Tex. 2006) (per curiam).

---

[2]Appellants also pleaded that the $16,250 note constituted a novation of the $33,000 note.

The written terms of the $16,250 note make no reference to the $5,000 that Appellee previously paid on the $33,000 note. To the contrary, the $16,250 note provided that Appellee was required to make monthly payments of $250 commencing on November 8, 2007, and ending on April 8, 2013,[3] a period of sixty-six months. Thus, the express terms of the $16,250 note called for payments totaling at least $16,250. Accordingly, the jury's determination that the $16,250 note constituted a modification whereby Appellee would be given credit for the $5,000 paid on the $33,000 note toward the $16,250 note is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. We sustain Appellants' Issue No. 2(3). In light of our disposition of Issue No. 2(3), we need not consider Appellants' Issue No. 1(3).

Appellants' remaining issues (Nos. 1(8), 1(9), 2(8), and 2(9)) concern Appellee's recovery of attorney's fees. Appellants assert that Appellee should not have been awarded attorney's fees because the take-nothing judgment should be set aside. Appellee's cross-point also concerns his recovery of attorney's fees. He complains that the trial court erred in failing to award all of his attorney's fees as determined by the jury. Appellee's cross-point is premised on the assertion that we should affirm the take-nothing judgment entered by the trial court.

As a result of our disposition of this appeal, the take-nothing judgment against Appellants is reversed and remanded for a new trial. The reversal of the trial court's judgment negates the basis for Appellee's recovery of attorney's fees. *See Swank v. Cunningham*, 258 S.W.3d 647, 663 (Tex. App.—Eastland 2008, pet. denied) ("The reversal of a trial court's judgment completely nullifies it, leaving it as if it had never been rendered other than as to further rights of appeal."). Accordingly, we overrule

---

[3]The trial of this case began on March 10, 2014. Accordingly, Appellee's indebtedness under the $16,250 note had matured prior to trial.

Appellee's cross-point, and we sustain Appellants' Issue Nos. 1(8), 1(9), 2(8), and 2(9) by reversing the award of Appellee's attorney's fees.

*This Court's Ruling*

We reverse the judgment of the trial court and remand this proceeding for a new trial. *See id.* ("The effect of a reversal of a judgment is to place the parties in the same position that they occupied before the judgment was rendered by the lower court.").

JOHN M. BAILEY

JUSTICE

August 31, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.